IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEFF D. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-3239 |
| ) | |
| CINCINNATI, INCORPORATED, ) | |
| a foreign corporation, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Ortlinghaus UK Ltd's Motion to Dismiss (d/e 27) and Defendant Ortlinghaus UK Ltd's Motion for Summary Judgment (d/e 29).  Plaintiff Jeff Parker was injured on September 1, 2006, while operating a punch press within the course of his employment with GSI, Incorporated.  In August 2008, Parker filed the instant products liability lawsuit in the Circuit Court of Sangamon County, Illinois, against various defendants.  Notice of Removal (d/e 1), Attachment 1, Complaint.  Counts V and VI of Parker's Complaint allege strict liability and negligence claims against Defendant Ortlinghaus UK Ltd (Ortlinghaus

1

UK). According to Parker, Ortlinghaus UK manufactured the brake clutch mechanism on the subject punch press. The matter was removed to this Court on October 23, 2008. Ortlinghaus UK asks the Court to dismiss Counts V and VI pursuant to Federal Rule of Civil Procedure 12(b)(2) & (5). In the alternative, Ortlinghaus UK seeks summary judgment on each of Parker's claims. Parker has failed to respond to the Motion to Dismiss and the Motion for Summary Judgment, despite being granted additional time to do so. See Text Order, dated October 2, 2009. For the reasons set forth below, Ortlinghaus UK's Motion to Dismiss is allowed.

The Court turns first to Ortlinghaus UK's Rule 12(b)(5) argument. Federal Rule of Civil Procedure 12(b)(5) allows a party to raise insufficient service of process as a defense. As previously noted, the instant Complaint was filed in state court in August 2008 and removed in October 2008. Plaintiff obtained issuance of a summons directed to Ortlinghaus UK on June 23, 2009. Summons Issued as to Ortlinghaus UK (d/e 17). Ortlinghaus UK was served on July 9, 2009. Summons Returned Executed as to Ortlinghaus UK (d/e 18). Ortlinghaus UK asserts that the delay in effecting service was both unreasonable and prejudicial. The Court agrees.

As Ortlinghaus UK concedes, Federal Rule of Civil Procedure 4(m)'s

2

requirement that service be made within 120 days after the filing of a complaint is inapplicable in cases involving service in a foreign country. See Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). However, the Seventh Circuit has recognized that "the amount of time allowed for foreign service is not unlimited." Id. (citing O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 952 (7th Cir. 2000)).  The Seventh Circuit expressly provided the following example, "[i]f . . . a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim." Id.

In Papst Licensing GmbH and Co. KG v. Sunonwealth Elec. Mach. Ind. Co., a court in the Northern District of Illinois adopted a "flexible due diligence standard" in analyzing whether service of process on a foreign company was timely. Papst Licensing, 332 F.Supp.2d 1142, 1151 (N.D. Ill. 2004).  The Court finds this standard, which considers the reasonableness of the Plaintiff's effort as well as any prejudice to the Defendant from the delay, to be appropriate.

There is no evidence that Plaintiff made any attempt to begin the process of foreign service within 120 days after filing his Complaint.  The record reveals that Plaintiff delayed nearly a year before having a summons

issued for Ortlinghaus UK. Plaintiff fails to provide any justification for this delay. There is nothing in the record to indicate that Ortlinghaus UK contributed to the delay in any way; indeed, after the summons was issued, service was effected within a few weeks. Thus, the Court finds that Plaintiff failed to exercise reasonable diligence in attempting to serve Ortlinghaus UK.

The Court further finds that Ortlinghaus UK was prejudiced by Plaintiff's lack of diligence. A scheduling conference was held in this case on April 28, 2009, discovery was on-going, and deadlines were approaching. See Scheduling Order (d/e 12). Additionally, Plaintiff has not contested Ortlinghaus UK's assertion of prejudice or the request for dismissal. Therefore, given all of these factors, the Court finds that Plaintiff failed to serve Ortlinghaus UK in a timely manner; thus, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) is appropriate. Although Ortlinghaus UK seeks dismissal with prejudice, because the matter is dismissed on jurisdictional grounds, for lack of timely service, the Court deems dismissal without prejudice to be appropriate. This ruling disposes of all claims against Ortlinghaus UK; therefore, the Court need not consider the remaining arguments raised by Ortlinghaus UK.

THEREFORE, Defendant Ortlinghaus UK Ltd's Motion to Dismiss (d/e 27) is ALLOWED. Counts V and VI are DISMISSED without prejudice for lack of jurisdiction. Defendant Ortlinghaus UK Ltd is dismissed from this action. Defendant Ortlinghaus UK Ltd's Motion for Summary Judgment (d/e 29) is DISMISSED for lack of jurisdiction.

IT IS THEREFORE SO ORDERED.

ENTER: October 23, 2009

    FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE